David H. Fry (*pro hac vice*)
Erin J. Cox (*pro hac vice*)
Eric P. Tuttle (*pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071
   Telephone:  (213) 683-9100

James S. Jardine (1647)
Elaina M. Maragakis (7929)
Michael D. Mayfield (8237)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
   Telephone:  (801) 532-1500

*Attorneys for Defendants Wells Fargo Bank, N.A.*
*and Wells Fargo & Co.*

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

---

| | |
|---|---|
| Lawrence J. Mitchell, Kay Mitchell, Matthew C. Bishop, Tracy Kilgore, Jennifer K. Zeleny, Joseph W. Steele V, Scott Westin, Bruce Bird, Nathan Ornellas, Anu Sood, Brent Miller, Nicholas Beach, Alex Inskeep, Loretta Grady, Richard Fountain, Matthew Gragg, Akoya Lawani, Sharon Williams, Ken Gregory, Sbeen Ajmal, David Self, Edward Dowdy, April Thomas, Don Black, Reza Kamali, Anthony Baquero, Carina Rhea, Shanell Golden, Kim Weston, Adam Brandt, Jacci Brandt, Jennifer King, Ralph McCoy, Aaron Hands, Ayana Smith, Lisa Stern, Mbegane Diouf, Doug Waters, Candyce Ravenell, Paul Fos, Patricia Burkhalter, Blake Knight, Cameron Casey, Jeffery Taylor, Robert Moyer, Marcia Cameron, Gloria Pledger, Charles Jones, Aaron Brodie, Dominique Evans, Richard Farr, Kevin Saliva, Harold Beard, Travis Ashby, Andrew Gorayeb, Scott Mugrage, Edwin Zorilla, Curtis Dowdle, Edward Klann, Steven Stetzel, Glenn Gilleshammer, Wenoka Thompson, Maryann Aldous, Jennifer Porter, Robin Quigg, Tamar Hodges, Barbara Shadoan, Austin Law, Jennifer Ellsworth, Michelle Sterling, Denise Poe, Jamal Dean, Brandon Westman, Concepcion Powell, | **MOTION TO STAY LITIGATION ON THE MERITS PENDING RESOLUTION OF PENDING AND ANTICIPATED MOTIONS TO COMPEL ARBITRATION**<br><br>Case No.  2:16-cv-00966<br>Judge Clark Waddoups |

Adrian Thompson, Eric Talaska, Zachary Christensen, Erica Jones, Stephen Hope, Nedelka Martinsen *et al* and unknown Plaintiffs 1-1,000,000,

                Plaintiffs,

    v.

Wells Fargo Bank, National Association, a National Banking Association, and Wells Fargo & Company, a Delaware Corporation, and Does 1-5,300,

                Defendants.

Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company (collectively, "Wells Fargo") hereby move this Court for an order staying litigation on the merits of the underlying claims in this putative class action, including:

    (i)      briefing and resolution of Wells Fargo's concurrently filed Motion to Dismiss the Second Amended Complaint for Failure to State a Claim under Rule 12(b)(6), or, in the Alternative, for a More Definite Statement under Rule 12(e); and

    (b)      all discovery, save for the limited discovery requested in connection with Wells Fargo's concurrently filed Motion to Compel Arbitration Pursuant to FAA §§ 3-4,

until the Court has resolved Wells Fargo's pending Motion to Compel Arbitration of 58 of the 80 named plaintiffs, and its anticipated motion to compel arbitration directed to the remaining 22 named plaintiffs after the completion of limited discovery aimed at confirming these individuals' identities and the relevant agreements governing their relationships with Wells Fargo. Wells Fargo hereby submits the following Memorandum in Support of this Motion.

## PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS FOR RELIEF

Wells Fargo moves to stay all litigation on the merits of the underlying dispute in this case, including:

(i)      briefing and resolution of Wells Fargo's concurrently filed Motion to Dismiss the Second Amended Complaint for Failure to State a Claim under Rule 12(b)(6), or, in the Alternative, for a More Definite Statement under Rule 12(e) ("Motion to Dismiss"); and

(b)      all discovery, save for the limited discovery requested in connection with Wells Fargo's concurrently filed Motion to Compel Arbitration Pursuant to FAA §§ 3-4 ("Motion to Compel Arbitration"),

until the Court has resolved Wells Fargo's pending Motion to Compel Arbitration of 58 named plaintiffs, and its anticipated motion to compel arbitration directed to the remaining 22 named plaintiffs after the completion of limited discovery aimed at confirming these individuals' identities and the relevant agreements governing their relationships with Wells Fargo.   This request is grounded in the Federal Arbitration Act and in the Court's inherent authority to control its docket.

## BACKGROUND

In its concurrently filed Motion to Compel Arbitration, Wells Fargo has moved this Court for an order compelling 58 of the 80 named plaintiffs in this putative class action to submit their claims to binding arbitration.  As discussed in that motion, for the remaining 22 named plaintiffs Wells Fargo currently lacks sufficient information to confirm these individuals' identities or to identify the relevant account agreements necessary to enforce the parties' agreement to arbitrate. Wells Fargo has therefore also requested in its Motion to Compel Arbitration limited discovery for the purpose of confirming the identity of these individuals and identifying the relevant account agreements governing their banking relationship with Wells Fargo to enable Wells Fargo

to move to compel arbitration of these plaintiffs' claims. (*See* Mot. to Compel Arbitration at 15.) In order to preserve its rights in the event that arbitration might ultimately be denied as to any plaintiff, Wells Fargo has also concurrently filed a Motion to Dismiss. However, Wells Fargo's position is that the issue of arbitration should be decided as to every Plaintiff before litigation on the merits of the underlying claims proceeds. Wells Fargo therefore moves to stay litigation on the merits until the appropriate forum is determined for each of the 80 named plaintiffs (including the 22 plaintiffs as to whom Wells Fargo requests limited discovery sufficient to enable Wells Fargo to file a motion to compel arbitration of their claims).

## ARGUMENT

Litigation of the merits in this matter should be stayed until the Court has had an opportunity to determine the appropriate forum (litigation or arbitration) for the claims of each of the 80 named plaintiffs in this putative class action—including the 22 plaintiffs for whom Wells Fargo presently lacks sufficient information to confirm their identity or to identify the relevant account agreements that govern the parties' relationship and therefore provides the grounds for Wells Fargo's anticipated motion to compel arbitration.

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). It "is well settled that the district court has the power to stay proceedings pending before it and to control its docket," *see Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (internal citations omitted), and that a "court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges]

4

have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010). For example, courts "have routinely recognized that discovery may be inappropriate while issues of … jurisdiction are being resolved." *Daniels v. Dataworkforce LP*, 2014 WL 4783670, at \*2 (D. Colo. Sept. 25, 2014) (unpublished) (citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)); *see also Getzelman v. Trustwave Holdings, Inc.*, 2014 WL 3809736, at \*1 (D. Colo. Aug. 1, 2014) (unpublished) (analyzing motion to compel arbitration as raising lack of subject matter jurisdiction under Rule 12(b)(1)).

Courts within the Tenth Circuit have applied these principles to stay litigation on the merits pending resolution of arbitrability issues. *See, e.g., Stone v. Vail Resorts Dev. Co.*, 2010 WL 148278, at \*4 (D. Colo. Jan. 7, 2010) (unpublished) (staying proceedings pending resolution of a motion to compel arbitration given that the decision to stay "rests within the sound discretion of the trial court"); *Cook v. Pensa, Inc.*, 2014 WL 1660480, at \*2 (D. Colo. Apr. 25, 2014) (unpublished) (staying discovery pending resolution of motion to compel arbitration). There "is a strong federal policy favoring arbitration for dispute resolution," and permitting "extensive discovery on claims in a broad complaint while the Court resolves a motion to compel arbitration could undermine that policy." *See Stone*, 2010 WL 148278, at \*4. These concerns are particularly compelling in the class action context, because discovery "as to [class action] claims is likely to be significant." *Id.* at \*2. Moreover, when a party has "set forth a well-supported argument that arbitration must be compelled in this action," as Wells Fargo has here, "requiring the parties to submit to full discovery prior to a ruling on the Motion to Compel may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation

5

that they determined to avoid." *Cook*, 2014 WL 1660480, at \*2 (unpublished) (internal citations omitted).

In addition, the Federal Arbitration Act requires that litigation of arbitrable disputes be stayed, and thus the question whether claims should be referred to arbitration should be decided before a court turns to merits issues. *See Kenney v. Hallmark Cards, Inc.*, 2009 WL 102682, at \*1 (D. Kan. Jan. 7, 2009) (unpublished) ("If the claims are arbitrable, the court must stay the proceeding. Thus, the court will consider defendant's motion to compel arbitration before addressing the merits of plaintiff's claims, not simply as an alternative in the event the court does not dismiss plaintiff's claims." (internal citations omitted)). Wells Fargo also seeks to resolve the question of arbitration before litigation on the merits to avoid any potential argument by Plaintiffs that Wells Fargo has waived the right to enforce Plaintiffs' arbitration agreements. *See id.* That 22 plaintiffs to date have provided insufficient information (in their complaint or otherwise) for Wells Fargo to confirm who they are, or to identify the relevant agreements governing their relationships with Wells Fargo (*see* Second Amended Complaint at ¶ 137 (alleging Plaintiffs "entered into valid and enforceable agreements with Defendants")), should not lead to a different result. *See Chelsea Family Pharmacy, PLLC v. Medco Health Sols., Inc.*, 567 F.3d 1191, 1198 (10th Cir. 2009) (a plaintiff may not "use artful pleading to avoid arbitration").

Staying litigation of the merits in this case while the Court decides Wells Fargo's pending Motion to Compel Arbitration of 58 of the 80 named plaintiffs, and while Wells Fargo serves, and Plaintiffs respond to, limited discovery for the purpose of confirming the identity of the remaining 22 named plaintiffs to enable Wells Fargo to compel arbitration of these plaintiffs as

6

well, would save "time and effort for [the Court], for counsel, and for litigants."  *Jones*, 762 F.3d

at 1178.

## CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court stay litigation

on the merits in this matter until the Court has determined whether each of the named plaintiffs

in this putative class action should be compelled to bring their claims in arbitration.

DATED this 23rd day of November, 2016.

MUNGER, TOLLES & OLSON LLP


By:  */s/ Erin J. Cox*

Erin J. Cox
David H. Fry
Eric P. Tuttle

RAY QUINNEY & NEBEKER P.C.
James S. Jardine
Elaina M. Maragakis
Michael D. Mayfield


*Attorneys for Defendants Wells Fargo Bank, N.A.*
*and Wells Fargo & Co.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 23rd day of November, 2016, a true and correct copy of the

foregoing **MOTION TO STAY LITIGATION ON THE MERITS PENDING**

**RESOLUTION OF PENDING AND ANTICIPATED MOTIONS TO COMPEL**

**ARBITRATION** was filed using CM/ECF which sent notification of the filing to the following:

Zane L. Christensen
Steven A. Christensen
CHRISTENSEN YOUNG & ASSOCIATES, PLLC
9980 South 300 West, #200
Sandy, UT 84070

/s/ Angelica Torres
Angelica Torres

1394782