David H. Fry (*pro hac vice*)
Erin J. Cox (*pro hac vice*)
Eric P. Tuttle (*pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071
   Telephone:  (213) 683-9100

James S. Jardine (1647)
Elaina M. Maragakis (7929)
Michael D. Mayfield (8237)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
   Telephone:  (801) 532-1500

*Attorneys for Defendants Wells Fargo Bank, N.A.
and Wells Fargo & Co.*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| Lawrence J. Mitchell, Kay Mitchell, Matthew C. Bishop, Tracy Kilgore, Jennifer K. Zeleny, Joseph W. Steele V, Scott Westin, Bruce Bird, Nathan Ornellas, Anu Sood, Brent Miller, Nicholas Beach, Alex Inskeep, Loretta Grady, Richard Fountain, Matthew Gragg, Akoya Lawani, Sharon Williams, Ken Gregory, Sbeen Ajmal, David Self, Edward Dowdy, April Thomas, Don Black, Reza Kamali, Anthony Baquero, Carina Rhea, Shanell Golden, Kim Weston, Adam Brandt, Jacci Brandt, Jennifer King, Ralph McCoy, Aaron Hands, Ayana Smith, Lisa Stern, Mbegane Diouf, Doug Waters, Candyce Ravenell, Paul Fos, Patricia Burkhalter, Blake Knight, Cameron Casey, Jeffery Taylor, Robert Moyer, Marcia Cameron, Gloria Pledger, Charles Jones, Aaron Brodie, Dominique Evans, Richard Farr, Kevin Saliva, Harold Beard, Travis Ashby, Andrew Gorayeb, Scott Mugrage, Edwin Zorilla, Curtis Dowdle, Edward Klann, Steven Stetzel, Glenn Gilleshammer, Wenoka Thompson, Maryann Aldous, Jennifer Porter, Robin Quigg, Tamar Hodges, Barbara Shadoan, Austin Law, Jennifer Ellsworth, Michelle Sterling, Denise Poe, Jamal Dean, | **WELLS FARGO'S STATEMENT IN SUPPORT OF STAY OF HEARING ON MOTION TO COMPEL ARBITRATION PEDNING DECISION FROM JPML REGARDING TRANSFER**<br><br>Case No.  2:16-cv-00966<br>Judge Clark Waddoups |

1

| | |
|---|---|
| Brandon Westman, Concepcion Powell, Adrian Thompson, Eric Talaska, Zachary Christensen, Erica Jones, Stephen Hope, Nedelka Martinsen *et al* and unknown Plaintiffs 1-1,000,000,<br><br>        Plaintiffs,<br>  v.<br><br>Wells Fargo Bank, National Association, a National Banking Association, and Wells Fargo & Company, a Delaware Corporation, and Does 1-5,300,<br><br>        Defendants. | |

On February 16, 2017, the Court requested that the parties submit their positions regarding "whether this Court should stay the hearing on the Motion to Compel until the MDL Panel has made its determination on the transfer motion." (ECF No. 51.) Accordingly, Defendants Wells Fargo Bank, N.A. and Wells Fargo & Company (collectively, "Wells Fargo") hereby submit this statement in support of such a stay.

As the Court observed, the Judicial Panel on Multidistrict Litigation ("JPML") has scheduled a hearing on Plaintiffs' motion to transfer eight related putative class actions against Wells Fargo pending in federal court to a centralized multidistrict litigation proceeding ("MDL").[1] Plaintiffs have advocated for the selection of this Court as the transferee MDL court, while other sets of plaintiffs in the related actions have advocated for the selection of the district in which their own actions have been filed. The JPML will hear argument regarding the creation of an MDL for the related cases, and the selection of the transferee court, on March 30, 2017.

---

[1] On February 17, 2017, Wells Fargo filed with the JPML notice of a ninth related putative class action recently removed to federal court that should be included in the JPML's decision regarding centralization in an MDL.

2

Currently, this Court is scheduled to hear argument on Wells Fargo's Motion to Compel Arbitration as to 58 of the 80 named Plaintiffs in this action just two weeks earlier, on March 16, 2017.[2]  In each of the of the other related actions subject to the MDL transfer motion, proceedings have either been stayed, or the briefing schedules on Wells Fargo's motions to compel arbitration have been extended such that briefing will not be completed until after the hearing before the JPML.

"As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case'" utilizing the "broad discretion to stay proceedings [which is] incidental to [a court's] power to control its own docket." *Pritchett v. I Flow Corp.,* 2010 WL 625024, at *1 (D. Colo. Feb. 22, 2010) (citations omitted).  Deferring the hearing on Wells Fargo's Motion to Compel Arbitration until after the JPML issues a decision selecting the MDL transferee court will avoid duplicative efforts by the judiciary and the parties, as well as inconsistent rulings on the threshold determination relevant to each of the related actions: whether the plaintiffs' claims should be ordered to arbitration.  As Plaintiffs argued in their Motion to Transfer filed with the JPML, "[i]f these cases continue to proceed separately, there will be duplicative efforts in attempting to overcome the Motion to Compel Arbitration [and] possible inconsistent rulings on these motions between the districts."  (ECF No. 42 at 6 (Pltfs.' Br. in Support of Mot. to Transfer originally filed with the JPML).)  Indeed, "consistent and

---

[2] Wells Fargo has also requested limited discovery to enable it to move to compel arbitration of the remaining 22 named Plaintiffs in this action.  *See* Mot. to Compel Arbitration (ECF No. 24) at 15-16; Mot. to Stay (ECF No. 29).  Pending resolution of whether *all* Plaintiffs must be compelled to arbitration, litigation on the merits in this action has been stayed. *See* Order Granting Mot. to Stay (ECF No. 37), ¶ 1 (staying "litigation on the merits" until "the Court has determined whether each of the named Plaintiffs in this action should be compelled to bring his or her claims in arbitration").

3

expeditious consideration of this threshold issue" of arbitrability common to the related actions is one of the considerations that militates in favor of centralization before a single MDL court. *See In re Checking Account Overdraft Litig.*, 659 F. Supp. 2d 1363, 1364 (J.P.M.L. 2009) ("SunTrust argues against inclusion of *Buffington* in MDL No. 2036 proceedings that, *inter alia*, plaintiffs' claims are subject to arbitration.  Arbitration clauses are, however, often included in checking account customer agreements.  The question of the arbitrability of overdraft claims is already before the MDL No. 2036 transferee court.  Inclusion of *Buffington* will lead to the consistent and expeditious consideration of this threshold issue in *Buffington* and other MDL No. 2036 actions."); *In re Checking Account Overdraft Litig.*, 2009 WL 3460951, at *1 (J.P.M.L. Oct. 7, 2009) (same).  In line with this reasoning, the JPML has observed that a "stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and to avoid inconsistent judicial rulings." *In re Penn Cent. Secs. Litig.*, 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971).

In similar situations, courts have acknowledged that "awarding a stay will promote judicial economy and efficiency by avoiding duplicative efforts by this Court" insofar as the Court would avoid "needlessly expending its energies familiarizing itself with the intricacies of a case that the transferee judge may have to duplicate if the cases are consolidated" before a different court. *Sparling v. Doyle*, 2014 WL 12489985, at *3 (W.D. Tex. Mar. 3, 2014) (staying case—including defendants' motions to dismiss—until JPML's decision on motion to transfer to MDL) (citations omitted).  Moreover, "transferee judges have been known to vacate or modify previous rulings of the transferor judge," and thus "the time and energy that this Court would devote to any rulings it might make regarding [arbitration] could be for naught if this action is

transferred to another court and that court modifies or vacates any of this Court's orders." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1361 (C.D. Cal. 1997) (staying case and pretrial proceedings, including class certification, pending JPML decision on motion to transfer). The potential for the parties to "have to re-litigate and re-explore the issues presented" in a pending dispositive motion—or face potentially inconsistent pretrial rulings—is prejudicial to Wells Fargo,[3] whereas the modest delay of a few weeks will not subject Plaintiffs to any hardship. *See Sparling,* 2014 WL 12489985, at *3 (ordering stay where, "[a]t most, Plaintiffs will incur a one to two month delay considering the amount of time it will take the JPML to render a decision on transferability and consolidation").

Dated: February 24, 2017                         MUNGER, TOLLES & OLSON LLP

 

/s/ Erin J. Cox
Erin J. Cox

David H. Fry
Eric P. Tuttle

RAY QUINNEY & NEBEKER P.C.
James S. Jardine
Elaina M. Maragakis
Michael D. Mayfield

*Attorneys for Defendants Wells Fargo Bank, N.A. and Wells Fargo & Co.*

---

[3] *Sparling*, 2014 WL 12489985, at *3 ("Because there are pending dispositive motions presently before this Court, the Court finds that the hardship endured by Defendants is significant."); *see also Rubio v. Arndal*, 2013 WL 796669, at *3 (E.D. Cal. Mar. 4, 2013) ("If different courts each consider the jurisdictional challenges independently, not only will multiple courts be doing the work a single court—the MDL court—could do, but also Defendant and its co-defendants will be subject to potentially inconsistent pretrial rulings.").

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2017, a true and correct copy of **WELLS FARGO'S STATEMENT IN SUPPORT OF STAY OF HEARING ON MOTION TO COMPEL ARBITRATION PEDNING DECISION FROM JPML REGARDING TRANSFER** was filed using CM/ECF system which sent notification of the filings to Plaintiffs' counsel in this action (Zane L. Christensen and Steven A. Christensen of Christensen Young & Associates, PLLC).

/s/ Erin J. Cox

Erin J. Cox