IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAWRENCE J. MITCHELL, *et. al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, *et. al.*,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:16-cv-966<br><br>Judge Clark Waddoups |

## Background

In the Third Amended Complaint, Plaintiffs alleged that "[t]his Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2)." (TAC ¶ 20, ECF No. 69 at 5.) On December 21, 2018, the court entered an order holding that there were "not sufficient facts pleaded for the court to conclude that it has jurisdiction under §1332(d)(2)." (ECF No. 164 at 13.) But the court did hold that it had "federal question jurisdiction to hear Plaintiffs' claims arising under federal law." (ECF No. 164 at 16.) Ultimately, the court dismissed eleven of the Plaintiffs' fifteen claims. Each of the remaining four claims are state law claims. The court requested that the parties address why the court should or should not exercise jurisdiction over those state law claims.

Plaintiffs argue that because "the Court is familiar with the parties, the issues, with the matters which have been argued before this Court," and to prevent "multiple lawsuits" from being "initiated across the country with inconsistent results," the court should "retain jurisdiction over the state law claims under 28 U.S.C. § 1367." (ECF No. 165 at 11.)

Defendants argue that "Tenth Circuit authority, and compelling issues of judicial economy, convenience, and fairness, warrant dismissal of the remaining state-law claims." (ECF No. 168.) Defendants point out that "seven of the eight remaining Plaintiffs opened their accounts in states other than Utah, and those Plaintiffs' remaining common law claims will likely be governed by other state's substantive laws." (ECF No. 168 at 6.)

Analysis

"Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Id*.

The court agrees with Defendants that exercising supplemental jurisdiction would require the court to decide a number of state law issues from many different states. Those issues are best addressed by the state courts in each of those jurisdictions. The court also notes that the remaining claims appear to involve minimal damages. The court declines to exercise supplemental jurisdiction over the remaining claims.

Conclusion

Because the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367, the remaining claims are dismissed without prejudice.

DATED this 7th day of February, 2019.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge